**STATE ex PALMIERI, Relator v. INDUSTRIAL COMMISSION OF OHIO, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 3703.   Decided September 20, 1944.

Harold M. Palmer, Columbus, for relator.

Thomas J. Herbert, attorney general, Columbus; Robert E. Hall, asst. attorney general, Columbus; Hale & Kincaid (James E. Hale of Counsel), Columbus, for respondent.

SHERICK, J., of the Fifth District, sitting by designation in place of BARNES, P. J.

## OPINION

By HORNBECK, J.

This action in mandamus is to require the respondent to grant the relator a rehearing, and to appoint a referee to take testimony thereon, on an order of the Commission dated November 12, 1941, wherein the respondent held against the claim of the relator that he was totally disabled because of his injury.

On May 13, 1942, relator filed his petition in this court in mandamus, being case No. 3501, wherein he made the claim that while in the employ of his employer, The Hanna Coal Company, he was caught under a fall of slate sustaining a crushing injury to the left leg and left ankle, an injury to the head, a trauma to the brain substance and that he was rendered unconscious; that he was allowed compensation at various times and that finally upon his application the Commission had made the order of date November 12, 1941. While this case was pending and before the respondent had answered, it was dismissed by agreed entry. The petition now before the court is substantially the same as the prior petition which was dismissed, with the further averment that the respondent, of date December 1, 1941, appointed a referee to take testimony on relator's claim but thereafter, on December 22, 1941, vacated its order of December 1, 1941, and the prayer in this action is the same as in the former suit to require the respondent to grant the relator a rehearing on its order of November 12, 1941, and to appoint a referee to take testimony on the rehearing.

As a defense to the relator's cause of action, respondent does not claim that the order of November 12, 1941, is not an order denying jurisdiction of relator's claim but asserts that prior orders made, of date February 18, 1937, and August 24, 1937, were likewise jurisdictional orders of which the relator

was notified and failed to file any application for rehearing.

It is further pleaded that the dismissal of the former action was pursuant to an agreement by the parties that if relator would dismiss his petition the respondent would grant him a rehearing.

The record in this case is made up from the files of the Commission which disclose that the injury of which relator complains and from which he has suffered and which has grown progressively worse until now he is admittedly totally disabled, occurred February 22, 1935.

A formal order of the Commission prior to the dismissal of the first cause of action of date April 9, 1943, is as follows:

"Following a conference with the Attorney General with reference to the petition in mandamus filed by the claimant in the Court of Appeals in Franklin County wherein a writ of mandamus was prayed for, requiring the Commission to grant claimant a rehearing on his application, filed herein under date of November 12, 1941, it is now the order of the Commission that upon dismissal of the mandamus action in the aforementioned Court, the Commission will make an order and finding, granting the claimant a rehearing under the provisions of §1465-90 GC; that the Attorney General be advised to furnish the Commission with a copy of the dismissal entry."

The record further discloses that the Commission acted in making this order with full appreciation of its effect and after its own legal department had rendered an opinion through Mr. R. H. Edwards, as had the Attorney General, in which opinions all questions as to the effect of prior orders were considered with specific reference to the orders of February 18, 1937, and August 24, 1937, and that the denial to the relator of his rehearing on his claim of November 12, 1941, was in direct violation of the specific agreement of the respondent to grant him a rehearing on said claim.

If estoppel had application to the facts here appearing it clearly could be invoked against the respondent but it may not because it is a quasi judicial body and because the question presented is whether or not its orders set up in the answer go to its jurisdiction.

We then are required to determine if the orders of February 18, 1937, and August 24, 1937, were jurisdiction orders

and, if so, did the Commission have the right to find that the relator received due notice of said orders.

The order of February 18, 1937, is as follows:

"Medical review in a supplemental report by Dr. Rusoff indicates claimant herein still has a disability which does not, in the opinion of the doctors, exceed a low, moderate degree resulting from the injury of February 22, 1935, on which the claim was based. The Commission orders that compensation be continued on the same basis as that of the last previous award announced by the Commission; * * * and to continue for one year from that date, with re-examination, subject to modification if facts developed during the period contemplated by this order will indicate and justify such modification."

The order of August 24, 1937, is as follows:

"That the Commission find from the medical proof of record that much of claimant's disability is due to rheumatism rather than the injury upon which the claim was originally based and that the rate of compensation contemplated by the Commission's order of February 18, 1937, is justified by the medical facts, and that there is no basis for increasing the rate of compensation. This is further verified by the report of Dr. Koepf following his examination of August 5, 1937, and all of these facts shall be taken into consideration at the expiration of the present award."

Restricting the examination of these orders to the language thereof and to the reports strictly applicable thereto, as found in the record, may they be said to be orders denying relator's claim because of want of jurisdiction to consider it? We think not. Our principal reason for this conclusion is that at the time that the order of February 18, 1937, was made it did not respond to any formal claim of the relator then before the Commission for consideration. We have carefully examined the record and are satisfied that the order of February 18, 1937, which it was claimed was a jurisdictional order, was not made because of any specific application of the relator for an award on the basis of total disability as a result of his injury but came about largely because of the investigations, examinations, opinions and reports of the medical staff of the Commission, the correspondence and opinions of the doctor and the lawyer of the employer and because of a letter of Dr. Sunseri for rela-

tor, in which he had stated that "any attempt to move the joint causes pain and the examination reveals that he had an ankylosis of about 80% due to excessive callous formation that interferes with the proper function of the ankle". It will be noted that Dr. Sunseri says nothing about rheumatism nor arthritis but stresses the ankylosis caused by callous formation in and about the injured part. No doubt, the relator may have made some informal complaint but it is not carried into any specific written application and could not be the basis of an order denying such claim upon jurisdictional ground.

The order of August 24, 1937, can rise no higher in its effect than that of February 18. 1937, because of its reiteration of the former order. It might also be noted that the finding of the Commission that much of claimant's disability is due to rheumatism must be based upon a theory which apparently had been abandoned by all of the physicians of the Commission who had examined the claimant and had not been touched by any of the doctors who had examined him at his instance. It was a condition that must be supported, if at all, from the fact that prior to the injury relator had been in a hospital with rheumatism which affected not the left ankle where relator suffered his injury, but the right ankle. Some months after his injury, however, he did suffer rheumatism which at that time also extended to his left ankle. However, all the doctors of the Commission had long since prior to the orders under consideration abandoned any theory that the relator's condition was the result of rheumatism.

Nor is the order of February 18, 1937, final because it continues further examination for one year. To determine the reason for refusing to modify the former order requires an examination of the supplemental report of Dr. Rusoff, which is indefinite. **State, ex rel. Moore v Industrial Commission, 141 Oh St., 241.** It is true that Dr. Rusoff in this report did conclude that claimant's disability did not exceed a low moderate degree because his arthritis did not result from his injury, but neither the supplemental report nor the prior reports of Dr. Rusoff ruled out the determination that the arthritis from which the relator suffered was the result of his injury. Within a few months after the relator had been released from the hospital following his injury, Dr. Rusoff upon examination of the X-Rays of the left ankle reported that the relator suffered from "traumatic arthritis in the left ankle". Thereafter other members of the medical staff reported that relator had "hypertrophic arthritis", "atrophic arthritis" and "polyarthritis", no

one of which terms is inconsistent with traumatic arthritis although some are inconsistent with each other.

Under date of August 11, 1937, Dr. F. W. Koepf, M. D., of the medical section of respondent reported to the Commission, among other things that:

"Claimant has an involvement of both ankles, more marked in the left, due apparently to arthritic condition. It is possible that the arthritic condition of the left ankle **was aggravated by the alleged injury**; and, therefore, constitutes a partial disability." (Emphasis ours.)

This report was before the Commission when it made its order of August 24, 1937.

Considering the foregoing orders claimed to be jurisdictional broadly in the light of the whole record there is much support for the conclusion that they were not jurisdictional. Several reasons may be assigned for this conclusion: First, the Commission itself at no time prior to its last order so construed them and continued to consider relator's claim based upon the hypothesis that he was entitled to other and further compensation because his degree of disability was greater than that for which he had theretofore been compensated. Numerous instances are found in the record wherein the question was again considered.

Notwithstanding the orders of February 18, 1937, and August 24, 1937, in which the Commission reiterated its finding that the claimant was suffering only from a "temporary partial of a low moderate degree" and continuing to allow him $4.24 per week, under date of September 24, 1941. Mr. Eugene W. Steel, claims reviewer for the department called attention to the fact that, notwithstanding reports of relator's own doctors on several dates, beginning September 7, 1938, wherein they reported that relator's disability was "partial of a moderate degree" compensation was continued at the same rate as had been previously paid when the claimant had been rated as having a "low moderate degree" of disability. Acting upon this report, the Commission did change its prior orders and did make an award to conform to the recommendation of its claims reviewer. This order was clearly inconsistent with the orders of February 18, 1937, and August 24, 1937, which orders, insofar as we can interpret them, were made merely upon the informal application, in the first instance, of claimant that he should have additional compensation without any respect to the permanency or total effect of his disability.

There can be no doubt upon this record that at all times succeeding the few months following relator's injury there was presented a real factual issue whether or not the condition from which relator suffered was not principally caused or contributed to by his injury. As his case progressed, this issue became more apparent and, notwithstanding the confident report of the doctor who attended him at the hospital that his recovery was complete and that the union of the fracture was entirely satisfactory and that he would be restored to sound health, it is obvious that, on the contrary, he grew progressively worse until at the time of the last order in the files it was conceded by all of the doctors of the Commission that he was totally disabled.

There was also an issue whether or not this man was able to work. He returned to employment with his former employer several days before the time when he would be able to do so, as fixed by his attending physician and worked for a short time and insisted that he was not able longer to labor. This was controverted by his employer who at all times insisted that he left the employment because his wage was reduced.

At the time that the orders which are under consideration were made the relator had no legal representation and had not the benefit of any expert advice as to the meaning of the phraseology employed by the Commission in its orders.

The letter and the spirit of the Workmen's Compensation Act contemplates that a claimant have the benefit of an adjudication in court of any jurisdictional claim which has been denied by the Commission.

The legal advisor of respondent in a carefully detailed consideration of the obligation of the respondent under the facts advised it that the relator should be granted a rehearing on his application therefor, of date November 3, 1941. We believe the reasons set forth in that opinion are sound. Likewise, the representative of the Attorney General when this case was presented to this court indicated that he had nothing to say supporting the claim that the relator was not entitled to the relief sought in this action.

Upon all the facts appearing, it is our judgment that the writ of mandamus as prayed should be granted. It will be so ordered.

GEIGER and SHERICK, JJ., concur.